**Fahed SAYEGH, an individual,
Plaintiff–Appellant,**

v.

**JOHN ENRIGHT, INC., a California
Corporation, dba John Enright, Inc.,
Defined Benefit Pension Plan; First
Security Mortgage Home Loans, Inc.,
a California Corporation, dba First
Security Mortgage; Southern Califor-
nia Mortgage Company, a California
Corporation; Paul Rios, an individu-
al, Defendants–Appellees.**

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

No. 11–55030.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2012.

Filed May 18, 2012.

Steven Sandler, Esquire, Law Offices of Steven Sandler, Woodland Hills, CA, for Plaintiff–Appellant.

Jana Logan, Esquire, Kirby & McGuinn, A.P.C., San Diego, CA, for Defendants–Appellees.

Before: D.W. NELSON, FISHER and CHRISTEN, Circuit Judges.

MEMORANDUM *

The district court dismissed Fahed Sayegh's claim for damages under the Truth in Lending Act, finding the claim was barred by the statute of limitations, and denied him leave to amend, finding that amendment would be futile. Sayegh argues that the court abused its discretion by denying him an opportunity to amend his complaint to allege facts that would support tolling the statute of limitations. We affirm.

Sayegh's proffer to the district court of the kind of facts that he would allege if he were given the opportunity to amend his complaint was insufficient to support either equitable tolling or equitable estoppel. On appeal, Sayegh has not advanced any facts that would plausibly support tolling the statute of limitations. We therefore

* This disposition is not appropriate for publication and is not precedent except as provided

conclude that the district court did not abuse its discretion when it denied leave to amend based on futility. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 717–18 (9th Cir.2003) (upholding denial of leave to amend on the basis of futility where the plaintiffs proffered facts to the district court that were insufficient to support tolling and failed to offer additional facts on appeal).

**AFFIRMED.**